```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------  X
                                                                        :
MUSARRA and ROSENBERG, individually and on behalf of                    :
all others similarly situated,                                          :       19-cv-5814 (ARR) (RML)
                                                                        :
                    Plaintiffs,                                         :       OPINION & ORDER
                                                                        :
        -against-                                                       :       NOT FOR ELECTRONIC
                                                                        :       OR PRINT
BALANCED HEALTHCARE RECEIVABLES, LLC                                    :       PUBLICATION
                                                                        :
                    Defendant.                                          :
                                                                        :
                                                                        :
----------------------------------------------------------------------  X
```

ROSS, United States District Judge:

Plaintiffs Jennifer Musarra ("Musarra") and Yitty Rosenberg ("Rosenberg"), individually and on behalf of all others similarly situated, bring this action against Balanced Healthcare Receivables, LLC ("Balanced Healthcare"). Plaintiffs allege that debt collection letters the defendant sent to them are not in compliance with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Balanced Healthcare moves to dismiss the complaint for failure to state a claim.

Plaintiffs challenge the debt collection letters on three grounds: first, that they do not clearly state where the debtor should mail disputes; second, that they do not clearly state where the debtor should mail payments; and third, that the format of the letter overshadows the statutorily required validation notice. I deny the motion as to the first two issues, and allow plaintiffs to proceed on their first, second, fourth, and fifth causes of action. Plaintiffs have stated a plausible claim that the inclusion of multiple addresses creates confusion as to where to send disputes and payments. However, I grant defendant's motion as to the latter issue, and thus dismiss plaintiff's third and sixth causes of action.

1

## BACKGROUND

On October 15, 2018, Balanced Healthcare sent a letter to Musarra seeking to collect a debt of $159.45 allegedly owed to creditor "Lenox Hill Radiology & Med Imaging Assoc PC P." Def.'s Mot. to Dismiss ("Mot.") Ex. A, ECF No. 16-4. On May 17, 2019, Balance Healthcare sent a nearly identical letter to Yitty Rosenberg, seeking to collect a debt of $280.61 allegedly owed to creditor "Radiology Imaging Consultants, PC P." Mot. Ex. B, ECF No. 16-5.

In the upper left-hand corner of the first page of each letter, there is a table stating the account number and account balance. Mot. Exs. A–B. In the upper right-hand corner of the first page of each letter, appears Balanced Healthcare's name, logo, and the phrase "Balancing Reputation and Receivables." *Id.* Below that, is the address "164 Burke Street, Suite 201, Nashua NH 03060," ("Nashua Address") as well as a phone number and a schedule, presumably of hours of operation. *Id.*

The body of each letter states the following:

> [Creditor] has placed the account(s) referenced below with our office for collection. Please remit the balance to Balanced Healthcare Receivables LLC (BHR) or call us at 1-866-460-2471.
>
> Please detach and return the bottom portion of this letter with your remittance or correspondence and mail it to the below address.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Please call Karen Dubois at 1-866-460-2471.

*Id.* The third paragraph is a notice that the FDCPA requires debt collectors to include in collection letters ("the validation notice"). *See* 15 U.S.C. § 1692g.

After this text, the letters each have a table indicating the name of the creditor, a reference number, the date of service, the amount due, and the total due. Mot. Exs. A–B. Underneath the table, there are four lines of text, which read:

> **This communication is from a debt collector.**
> This is an attempt to collect a debt and any information obtained will be used for that purpose.
> **NOTICE – SEE REVERSE FOR IMPORTANT INFORMATION.**
> Please Detach and Return in The Enclosed Envelope With Your Payment.

*Id.* The reverse side of the letter includes additional legal notices advising the consumer of a New York City Department of Consumer Affairs License Number, as well as information about consumer rights under the FDCPA. *Id.*

The bottom of each letter is a detachable coupon. *Id.* The top left corner of the coupon contains the following address: P.O. Box 1259, Dept. # 108499, Oaks, PA 19456 ("Oaks Address"). *Id.* Directly below that address, the text reads "***Personal & Confidential***." *Id.* The top right corner of the coupon directs the consumer to a website for online payment, and also allows the consumer to fill out information to pay by credit card. *Id.* The bottom right corner of the coupon states the consumer's address: Jennifer Musarra, 7512 35th Ave., Apt. 1E, Jackson Heights, NY 11372-8140. On the lower-right corner of the coupon, is yet another address: Balanced Healthcare Receivables, P.O. Box 9577, Manchester, NH 03108-9577 ("Manchester Address"). *Id.*

Plaintiffs filed this action on October 15, 2019. *See* Compl., ECF. No. 1. On December 6, 2019, defendants served plaintiffs with a motion to dismiss, apparently prompting plaintiffs to file an amended complaint on December 20, 2019. Letter Re. Service of Def.'s Mot., ECF No. 11;

Am. Compl., ECF No. 12.

Plaintiffs' amended complaint challenges these debt collection letters with six causes of action (three on behalf of each plaintiff). The first and fourth counts allege that the debt collection letters violate the FDCPA because they contain multiple addresses for the defendant, without instructing the consumer regarding to which address written disputes must be sent. Am. Compl. ¶¶ 43–99; 179–235. The second and fifth counts allege that the inclusion of multiple addresses also creates confusion as to where to send payments. *Id.* ¶¶ 100–25; 236–63. The third and sixth causes of action allege that the formatting of the letter overshadows the validation notice, in violation of § 1692g, as well as § 1692e. ¶¶ 126–78; 264–316.

Defendants bring this motion to dismiss the complaint in its entirety.

## LEGAL STANDARD

### I. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Thus, in deciding defendant's motion to dismiss, the court must accept the facts alleged in plaintiffs' amended complaint as true. The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 476 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

4

## II. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from the perspective of the 'least sophisticated consumer'" ("LSC"). *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)). The LSC standard of review examines "how the least sophisticated consumer— one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). However, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319; *see also Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989) ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer]."). The least sophisticated consumer "is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citing *Russell*, 74 F.3d at 34). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

## III. Validation Notice

### A. Section 1692g

Section 1692g of the FDCPA requires a debt collector to provide a validation notice to a debtor—that is, to communicate certain information to a debtor when attempting to collect a debt. *See* 15 U.S.C. § 1692g; *Vetrano v. CBE Grp., Inc.*, No. CV 15-3185 (JS) (AKT), 2016 WL 4083384, at *5 (E.D.N.Y. Aug. 1, 2016). The purpose of the validation notice is to protect consumers from "debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid" by "inform[ing consumers that they have] certain rights, including the rights to make a written request for verification of the debt and to dispute the validity of debt." *Lotito v. Recovery Assocs. Inc.*, No. 13–CV–5833 (SJF)(AKT), 2014 WL 4659464, at *3 (E.D.N.Y. Sept. 17, 2014) (internal quotations omitted) (quoting *Ellis*, 591 F.3d at 134 and *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 309 (2d Cir. 2003)). Specifically, the validation notice must include:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g; *Vetrano*, 2016 WL 4083384, at *5. Not only must the debt collector convey the information in § 1692g to the debtor, but also he must convey it clearly. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Russell*, 74 F.3d at 35). A validation notice is not legally sufficient "if that notice is overshadowed or contradicted by other language in

6

communications to the debtor." *Id.* (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). "A notice overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'" *Id.* (quoting *Russell*, 74 F.3d at 35); *see also Vetrano*, 2016 WL 4083384, at *5 (quoting *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). The FDCPA itself codifies this prohibition against "overshadowing": "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Belichenko v. Gem Recovery Sys.*, No. 17-CV-01731 (ERK) (ST), 2017 WL 6558499, at *6 (E.D.N.Y. Dec. 22, 2017) (quoting § 1692g(b)).

### B. Section 1692e

Generally, § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Russell*, 74 F.3d at 34; *Belichenko*, 2017 WL 6558499, at *5. "Section 1692e contains sixteen subsections, which 'set forth a non-exhaustive list of practices that fall within this ban.'" *Belichenko*, 2017 WL 6558499, at *5 (quoting *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016)). One of these subsections, § 1692e(10), is a "catch-all provision" barring "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) (quoting § 1692e(10)); *see also Belichenko*, 2017 WL 6558499, at *5.

"For the purposes of § 1692e, 'a collection notice is deceptive when it can be reasonably

7

read to have two or more different meanings, one of which is inaccurate.'" *Belichenko*, 2017 WL 6558499, at \*6 (quoting *Russell*, 74 F.3d at 35); *see also Clomon*, 988 F.2d at 1319. "The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act." *Russell*, 74 F.3d at 35. "Significantly, courts in this Circuit have held that 'the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g.'" *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 353 (S.D.N.Y. Aug. 5, 2015) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006)); *see also Tipping-Lipshie v. Riddle*, No. CV 99–4646, 2000 WL 33963916, at \*4 (E.D.N.Y. Mar. 2, 2000) (citing *Vera v. Trans-Cont'l Credit and Collection Corp.*, No. 98 CIV. 1866(DC), 1999 WL 163162, at \*3–4 (S.D.N.Y. Mar. 24, 1999) for the proposition that a misleading validation notice violates both sections 1692g and 1692e(10)).

## DISCUSSION

### I. Uncertainty About Where to Send Disputes

Plaintiffs contend that Balanced Healthcare's collection letter is defective because it contains multiple addresses for the defendant, and does not specify to which address a consumer should send written disputes. *See* Am. Compl. ¶¶ 43–99. According to plaintiffs, this defect violates § 1692g because it renders the validation notice ineffective. *Id.* ¶ 73. Second, it is a false, deceptive or misleading practice under § 1692e because it makes the letter open to more than one reasonable interpretation of where to send written disputes. *Id.* ¶¶ 85, 90. In this context, the two inquiries are essentially the same. *See Papetti*, 121 F. Supp. 3d at 353 (quoting *Foti*, 424 F. Supp. 2d at 666).

As detailed above, Balanced Healthcare's debt collection letter includes three different addresses (or four, if you include the consumer's address). *See* Mot. Exs. A–B. The first address,

the Nashua Address at the top of the page, underneath Balanced Healthcare's name and logo, appears to refer to the defendant's physical office located at 164 Burke Street, Suite 201. The two other addresses are both P.O. boxes and appear on the detachable coupon at the bottom of the page. The consumer's address also appears on the coupon, in the lower left-hand corner.

None of the instructions in the letter specify which of these three addresses a written dispute should be mailed to. The first instructs a consumer to "detach and return the bottom portion of this letter with your remittance or correspondence and mail it to the below address." *Id.* But there are two addresses on the coupon "below." This instruction is followed by the validation notice, which states multipletimes that a consumer may dispute the debt or request additional information if she notifies "this office" in writing within 30 days after receiving the letter. *Id.* "This office" could refer to the physical office address at the top of the page, or either of the two addresses on the coupon.

In *Pinyuk v. CBE Grp., Inc.*, Magistrate Judge Pollak was confronted with a similar letter. No. 17 CV 5753 (RRM) (CLP), 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019). Like the letter in this case, the letter in *Pinyuk* contained three distinct addresses for the debt collector: an office address that appears at the top of the page, and two P.O. box addresses in the detachable coupon. *See* Compl. Ex. 2, *Pinyuk v. CBE Grp., Inc.*, No. 17-cv-5753 (E.D.N.Y. Apr. 29, 2019), ECF No. 1. The consumer's address is also on the coupon. *Id.* Judge Pollak concluded that the plaintiff had alleged the elements of a plausible claim under the FDCPA because the least sophisticated consumer could be confused as to which of the three addresses to send a written dispute to. *Pinyuk*, 2019 WL 1900985, at *7. I find this analysis persuasive and applicable to the similar facts presented in plaintiffs' complaint.

The defendant argues that *Pinyuk* is inapplicable, but I disagree. *See* Mem. of Law in Supp.

9

of Mot. to Dismiss 18–19, ECF No. 16-2 ("Def.'s Br."). Defendant claims that an important distinction is that "while the Letters do contain three (3) total addresses, only two (2) of those addresses plainly reveal themselves as associated with Balanced Healthcare." *Id.* at 19. I do not see how having two addresses labeled with the debt collector's name and a third, unidentified address is somehow less confusing than having three addresses labeled with the debt collector's name. The Oaks Address is not identified as being associated with some other entity, and it is reasonable for the LSC to assume it too is an address for Balanced Healthcare. Defendant also seeks to distinguish *Pinyuk* by stating "the detachable coupon only contains two (2) addresses, in addition to the Plaintiffs' individual addresses." *Id.* But this is an identical layout to the letter in *Pinyuk* and counsels in favor of, not against, applying the same analysis. *Compare* Mot. Exs. A–B *with* Compl. Ex. 2, *Pinyuk v. CBE Grp., Inc.*, No. 17-cv-5753.

The defendant claims that this case is more similar to two other recent E.D.N.Y. decisions: my decision in *Park v. Forster & Garbus, LLP*, No. 19-cv-3621 (ARR) (ST), 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019) and Judge Cogan's decision in *Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505 (BMC), 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019). While those cases do involve related issues, the letter at issue in this case is different in important ways.

In *Park*, I addressed a debt collection letter which contained two (not three) addresses for the debt collector. 2019 WL 5895703, at *1. The detachable coupon in *Park* has two addresses on it: a P.O. Box address for the debt collector in the spot where an address would typically appear, and the consumer's name and address where the return address would typically appear. *Id.* It was easily recognizable as a standard envelope addressed from Eun K. Park to Forster & Garbus, LLP. The coupon attached to Balanced Healthcare's letter is not as easily decipherable.

The *Park* letter also includes additional clarifying instructions not present in the letter in

this case. The top of the coupon instructs "MAKE CHECK PAYABLE TO: **_FORSTER & GARBUS LLP as attorneys_**, AND RETURN COUPON WITH PAYMENT TO [the P.O. box address]. *Id.* Directly above the coupon, the other address on the letter is clearly labeled as an "Office Location." *Id.* Balanced Healthcare's letter does not include these clarifications.

*Saraci* involved a letter similar to the one at issue in *Park*. *See* 2019 WL 1062098 at *1. In his decision granting summary judgment for the defendant, Judge Cogan stated that although "[i]t is certainly possible for the inclusion of multiple addresses on a debt collection letter to be misleading[,]" the collection letter in *Saraci* did not "invite the type of confusion necessary to succeed on such a [§1692e(10)] claim." *Id. at* *2, *3. Like the letter in *Park*, the letter in *Saraci* only had two addresses for the debt collector, and only one on the detachable coupon. *See* Compl. Ex. 1, *Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505 (E.D.N.Y. Mar. 6, 2019), ECF No. 1-2. It stated the correct address to send correspondence three times. By contrast, Balanced Healthcare's letter mentions three different addresses a single time each, without emphasizing any address.

Defendant argues that, like in *Park* and *Saraci*, only one address on the coupon would be visible in the glassine window of an envelope, and this clarifies any potential confusion about where to send the letter.[1] Def.'s Br. 17. In the context of this particular debt collection letter, this is not sufficient. The coupon, crowded with three addresses, is visually confusing. Unlike the coupon in *Park*, the format does not align with a standard letter addressed from a consumer to a debt collector. A least sophisticated consumer could be confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window.

---

[1] Plaintiffs argue that I should disregard the envelopes with glassine windows entirely, as they are not part of the complaint. Mem. of Law in Opp. to Def.'s Mot. to Dismiss, ECF No. 17 ("Pl.'s Br"), 19. Because I find that the envelopes are not dispositive, I do not address this issue.

Looking to the body of the letter would not help—the LSC would find vague instructions to send written requests to "the below address" and "this office." Mot. Ex. A at 1; Mot. Ex. B at 1. At the top of the page, the LSC would find yet another address.

The cumulative effects of the three total addresses, the crowded and confusing coupon with two addresses for the defendant as well as the consumer's address, and the lack of clarifying instructions, make this a case where the inclusion of multiple addresses does invite confusion, and the plaintiffs state a plausible claim under the FDCPA.

Discovery may be required to determine if the potential for confusion created by the multiple addresses is material. That is, if it was possible for a consumer to send a dispute to any of the three addresses and have it properly processed, the letter would not be materially misleading. I cannot resolve this factual issue on a motion to dismiss and thus cannot dismiss plaintiffs' first and fourth cause of action.

## II.   Uncertainty About Where to Send Payment

Plaintiffs bring a similar, but distinct claim that the multiple addresses create uncertainty about where a consumer is to send her payment. Am. Compl. ¶¶ 100–25; 236–63. Plaintiffs allege that the multiple addresses constitute a false, deceptive or misleading practice under § 1692e in this context as well. For the same reasons as stated above, I agree that from the perspective of an LSC, the letter is open to more than one reasonable interpretation of where to send payments, and thus it states a plausible FDCPA claim. The merits of the claim will turn on whether the confusing inclusion of three addresses is materially misleading. Thus, I deny defendant's motion as to the second and fifth causes of action.

## III.   Format Overshadowing the Validation Notice

Plaintiffs' third and sixth causes of action allege that the format of Balanced Healthcare's

collection letter overshadows the required validation notice, in violation of § 1692g and § 1692e. Am. Compl. ¶¶ 126–78; 264–316. They allege that the validation notice is overshadowed because of several features of the format of the letter, including: (1) "The required validation notice is contained in running text within the body of the Letter, in the same font size, style, color and case as the rest of the text in the body of the Letter," *id.* ¶¶ 140, 278; (2) the letter diverts attention from the validation notice by including other phrases in bold or capital letters, *id.* ¶¶ 141–44, 279–82; (3) the letter directs the consumer to see the reverse side of the letter for an important information, but the reverse side contains other legal notices and not the validation notice, *id.* ¶¶ 144–45, 282–83; and (4) "the Letter contains no visually conspicuous transitory language . . . directing Plaintiff's attention to the [validation notice]," *id.* ¶¶ 150, 288.

With respect to the issue of whether the validation notice is overshadowed, the letter in this case is identical to the letter at issue in *Park*. *Compare* Mot. Exs. A–B *with* Compl. Ex. 1, *Park v. Forster & Garbus, LLP*, No. 19-cv-3621 (E.D.N.Y. Nov. 12, 2019), ECF No. 1-1. The plaintiff in *Park* brought an almost identical overshadowing claim. *Compare* Am. Compl. ¶¶ 126–78; 264–316 *with* Compl. ¶¶ 89–124, *Park*, 19-cv-3621, ECF No. 1. I reject this claim again, for the same reasons that I did in *Park*.

Specifically, there is no affirmative misdirection in the collection letter here. The validation notice appears in the third paragraph of the front page of the letter. After the prominently placed validation notice, the collection letter presents the consumer's debt in a table and, further down the front page, instructs the consumer to "SEE REVERSE FOR IMPORTANT INFORMATION," highlighting that a series of other legally mandated notices appear on the reverse side of the letter. None of the disclosures on the reverse side in any way contradict the enumerated validation rights. The collection letter does not misdirect the LSC away from his validation notice. Additionally, the

LSC is charged with reading the entire collection letter and interpreting the various statements in conjunction with each other. *See McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002).

Therefore, I find plaintiffs' third and sixth causes of action insufficient as a matter of law and grant defendant's motion to dismiss these two claims.

## CONCLUSION

For these reasons, I deny defendant's motion as to the claims relating to the inclusion of multiple addresses, and grant defendant's motion as to the claim that the format of the letter overshadows the validation notice. Thus, plaintiffs may proceed on their first, second, fourth, and fifth causes of action. The third and sixth causes of action are dismissed.

SO ORDERED.

                                                                                                                           /s/
                                                                                             Allyne R. Ross
                                                                                             United States District Judge

Dated:    March 11, 2020
              Brooklyn, New York